**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**MARK A. ANDERSON**                                                                 **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO.: 3:10CV617-TSL-MTP**

**CITY OF MCCOMB, et al.**                                              **DEFENDANTS**

**<u>ORDER</u>**

THIS MATTER came before the court on the Plaintiff's Motion [52] to Compel Discovery. Having considered the submissions of the parties and the applicable law, the court finds that the Plaintiffs' Motion [52] to Compel should be denied.

Discovery motions must be filed "sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U. Civ. R. 7(b)(2)(B); *see also Applewhite v. United States*, No. 3:07-cv-162-WHB-LRA, 2008 WL 4539625, at *1 (S.D. Miss. Oct. 07, 2008) (denying motion to compel as untimely under Local Rule 7.2(B)(2)); *Seiferth v. Helicopteros Atuneros*, No. 4:03CV463-P-B, 2008 WL 5234416, at *1 (N.D. Miss. Dec. 12, 2008). Plaintiff's Motion to Compel [30] should be denied as it fails to comply with Local Rule 7(b)(2)(B). Plaintiff filed his motion on the eve of the discovery deadline of December 1, 2011. Thus, Plaintiff's untimely filing did not allow for the briefing to be complete prior to the discovery deadline, and certainly did not allow ample time for the court to rule on the motion and the parties to effectuate the court's order prior to the discovery deadline. *See* L.U. Civ. R. 7(b)(2)(B). Moreover, Plaintiff failed to attach a good faith certificate in compliance with L.U. Civ. R. 37(a). For these reasons alone, the motion should be denied.

Despite the motion's procedural deficiencies, the majority of the motion appears to be

moot. The Personnel Policy Procedure Manual, the City Employee Handbook, and Mark Anderson's personnel have been produced. Moreover, the relevant portions - as determined by Plaintiff - of the City Code have been produced.[1] A portion of the McComb Police Department Handbook has been produced. Additionally, Defendants have invited Plaintiff to review and copy the relevant portions of the Police Department Handbook, the City Code, the Civil Services Manual, and the City Charter, albeit this time at the Plaintiff's expense.

As for the two remaining documents and things at issue, Defendants represent that they have no control over Eddie Lewis and thus cannot produce the video allegedly in his possession. As for the Plaintiff's request for Gregory Martin's personnel file, from the court's review, the requests at issue in the Motion to Compel [52] do not request his file. Accordingly,

IT IS, THEREFORE, ORDERED:

Plaintiffs' Motion [52] to Compel is denied with each party to bear its own costs and fees associated with the motion.

SO ORDERED this the 16th day of December, 2011.

s/ Michael T. Parker
United States Magistrate Judge

---

[1] Defendants represent that Plaintiff's counsel reviewed the City Code while the parties were in McComb for depositions, and that the City made copies, at its expense, of the portions of the City Code chosen by Plaintiff's Counsel. Plaintiff does not dispute this in his Reply [65].